Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7601 | **DATE** | 1/10/2011 |
| **CASE TITLE** | Davis vs. Jerry et al | | |

**DOCKET ENTRY TEXT**

The Court appoints counsel to Plaintiff to determine whether a federal claim can be filed. Plaintiff may file an amended complaint by February 15, 2011 if he is able to allege a federal claim. The parties shall appear before the Court for a status hearing on February 14, 2011 at 9:00 a.m. The Court appoints Garry B. Zak, Lewis Brisbois, Bisgaard & Smith, 550 West Adams Street, Suite 300, Chicago, IL, 60661, (312) 345-1718, Fax: (312) 345-1778, Email: gzak@lbbslaw.com. Counsel shall appear at the next status hearing.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff Christopher Davis ("Davis") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, Davis' Motion to Proceed *In Forma Pauperis* is denied for failure to state a claim and his case is dismissed. Davis' Motion for Appointment of Counsel is granted to determine whether a federal claim can be filed.

Davis' Complaint alleges a civil rights conspiracy claim against two Chicago Police Department Officers, Derrick Jerry and an Unknown Officer with Star #10651 (together "Defendants"). Specifically, Davis alleges that Defendants conspired to violate his civil rights by negligently driving their police car into his automobile on December 2, 2009 at 111th Street and Michigan Avenue, Chicago. Davis alleges that after the collision Defendants made false reports stating that Davis violated traffic laws and was responsible for the resulting damage to both vehicles. Davis maintains that he was obeying all traffic laws when the collision took place. Davis was charged with destruction of city property and crossing into oncoming traffic. The criminal proceedings were terminated in Davis' favor. Davis' injuries are based on the damage to his automobile and the "impending seizure [sic] of personal assets."

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Davis to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Davis need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id*. According to his financial affidavit, Davis is currently employed at Infiniti of Orland Park, where he earns $2,250 per month. Davis lives with his girlfriend and her three children aged fourteen, seven, and four. In the past twelve months, Davis' girlfriend earned a total of $700 in wages and also received $1,750 in unemployment assistance. Davis owns an automobile in which he has negative equity and pays $371 per month in loan payments. Neither Davis nor his girlfriend have any additional items of personal property worth over $1,000, nor do they have more than

10C7601 Davis vs. Jerry et al     Page 1 of 2

| STATEMENT |
|---|

$200 in cash or in a checking or savings account. Based on these facts, Davis' financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Davis' financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Davis alleges that his personal property—his automobile—was damaged by the Chicago Police Department and that two Chicago Police Department Officers conspired to hold him personally accountable by filing false reports, thereby violating his civil rights. In addition, Davis notes that the charges brought by the Defendants against him were terminated in his favor in a manner indicating Davis was innocent.

To state a civil rights conspiracy claim, a plaintiff must allege a conspiracy involving state action and a deprivation of a right secured by the Constitution. *See New Burnham Prairie Homes, Inc. v. Vill. of Burnham*, 910 F.2d 1474, 1479 (7th Cir. 1990). Here, Davis' claim that two members of the Chicago Police Department falsified police reports satisfies the state action prong. Damage to an automobile, however, does not necessarily rise to the level of a violation of a constitutional right. *See, e.g.,* 1985 WL 9628 at *2 (W.D. Okla. Nov. 26, 1985) (West, J.) (Supreme Court appears to reject the idea that a party involved in an automobile accident with a state official could allege a constitutional violation) (citing *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (Stewart, J. concurring).

Moreover, a plaintiff alleging a due process claim based on 'random and unauthorized' state conduct, and not a claim based on established state procedure, must either avail himself of state post-deprivation remedies or demonstrate that the available remedies are inadequate. *See Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 805 (7th Cir. 2010) (internal citations omitted). Davis' alleged injuries were the result of the "random and unauthorized" conduct of two members of the Chicago Police Department. Yet Davis does not allege that he exhausted his state post-deprivation remedies or that those remedies would provide inadequate relief. Therefore, Davis' claim is not properly before the Court.

Because Davis' claim is not properly before the Court it is dismissed.

The Court appoints counsel to Plaintiff to determine whether a federal claim can be filed. Plaintiff may file an amended complaint by February 15, 2011 if he is able to allege a federal claim.

The parties shall appear before the Court for a status hearing on February 14, 2011 at 9:00 a.m..